968 F.2d 1220
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Samuel J. GRENZ, Plaintiff-Appellant,
v.
EBI/ORION GROUP, INC.; Fire and Casualty Insurance Company
of Connecticut; Don Macmillan; Edward Eberly;
E. Craig Daue; the Law Firm of
Garlington, Lohn & Robinson,
Defendants-Appellees.
 No. 91-35674.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided July 9, 1992.
 
 Before ALARCON, RYMER and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Samuel J. Grenz appeals pro se the dismissal of his 42 U.S.C. § 1983, due process, and declaratory relief claims. Grenz's insurance carrier paid him workers' compensation benefits for injuries Grenz suffered in 1984. In February 1988, the insurer required Grenz to submit to an examination by a panel of physicians pursuant to Mont.Code Ann. § 39-71-605 to determine whether he was still eligible for workers' compensation benefits. In August 1988, on the basis of data received from the panel, the insurer reduced Grenz's benefits from temporary total disability to permanent partial disability effective August 24. Grenz challenged the reduction in Montana Workers' Compensation Court. In December 1988, Grenz and the insurer reached a settlement which reinstated Grenz's total disability benefits retroactive to August 24, 1988, and acknowledged that Grenz was permanently totally disabled.
 
 
 3
 Grenz then brought this action against the insurer, the insurer's attorney, and the attorney's law firm alleging violations of § 1983 and his right to due process, and against the Montana Workers' Compensation Court and the Montana Supreme Court seeking a declaration that MCA § 39-71-605 is unconstitutional. The district court dismissed the § 1983 claims on the ground that the private defendants were not acting under "color of state law"; it dismissed the due process claim for lack of federal question jurisdiction because private individuals cannot deny due process; and it dismissed the claim for declaratory relief as Grenz lacked standing to challenge the constitutionality of the statute in the absence of a threat of real injury. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 4
 * Grenz's allegations fail to show that any deprivation about which he complains occurred under color of state law or by state action. Grenz argues that the insurer and its lawyers acted under color of state law by convening the medical review panel. However, under Montana law the insurer chooses the physicians who sit on the panel, the time and place of the examination (subject to the employee's convenience), and the course of examination and questioning. See MCA § 39-71-605(1). This does not amount to the exercise by a private entity of powers traditionally exclusively reserved to the state, Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352 (1974), because the medical review panel does not itself decide a worker's entitlement to benefits, but rather reports its findings to the insurer, which then decides whether to adjust the worker's benefit status. If the insurer alters the worker's benefits, the worker may challenge the decision in Montana Workers' Compensation Court. See MCA §§ 39-71-2901 to-2914. Nothing precludes a worker from presenting the findings of his own physicians, or requires special deference to the findings of the insurer's panel.
 
 
 5
 Nor do the facts alleged show that Montana exercised coercive power or provided significant encouragement, see Blum v. Yaretsky, 457 U.S. 991, 1004 (1982), or that any of the actions of the private defendants can fairly be attributable to the state. See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982). Grenz argues that Montana and the insurer are joint participants in the workers' compensation scheme, because the state mandates workers' compensation insurance, certifies and regulates workers' compensation insurance companies, and provides workers' compensation directly to a significant number of workers. However there is no indication that the state itself has anything to do with a medical review panel decision or what the insurer decides to do based on its findings.[2]
 
 
 6
 Grenz urges us to adopt the reasoning of Baksalary v. Smith, 579 F.Supp. 218 (E.D.Pa.1984), appeal dismissed, 469 U.S. 1146 (1985). We have no call to do so, because the workers' compensation insurers there were required to file a petition with the state for formal approval before denying benefits to a worker. Montana is not required automatically to review insurer decisions to adjust benefit status.
 
 II
 
 7
 For like reasons, we agree with the district court's dismissal of Grenz's due process claim. A due process claim may only be asserted against private parties if their conduct constitutes state action. Edmonson v. Leesville Concrete Co., 111 S.Ct. 2077, 2082-83 (1991). Grenz's complaint does not show that the private defendants were state actors.
 
 III
 
 8
 Grenz argues that the district court erred in dismissing his claim for declaratory relief because he may sometime be put back on workers' compensation and, since he remains disabled, he may face another § 39-71-605 medical review panel in the future. Standing is a question of law reviewed de novo. EMI Ltd. v. Bennett, 738 F.2d 994, 996 (9th Cir.), cert. denied, 469 U.S. 1073 (1984).
 
 
 9
 A case or controversy under Article III requires actual injury and redressability. Bell v. City of Kellog, 922 F.2d 1418, 1422 (9th Cir.1991). Grenz's complaint alleges no tangible likelihood of future harm that his requested declaratory relief will redress. The district court correctly concluded that there is no case or controversy, even if it is true that Grenz might be put through the paces again in the future. Such a possibility is unripe for review. See Abbott Lab. v. Gardner, 387 U.S. 136 (1966).[3]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because the "exhibits" in Grenz's excerpts of record were not part of the record on the motions to dismiss in the district court, we decline to consider them on appeal
 
 
 [2]
 Grenz's suggestion that Montana furthers the interests of insurance companies by failing to require a hearing prior to the termination of benefits and by failing to admonish carriers who wrongfully deprive claimants of benefits adds nothing to the inquiry. His complaint concedes he had notice and says nothing about Montana's actions toward carriers; in any event, there is no support for the proposition that the state's attitude makes a private party a state actor. Grenz also makes an equal protection argument, but we decline to consider it because it was raised for the first time in his Reply Brief. Nevada v. Watkins, 914 F.2d 1545, 1560 (9th Cir.1990), cert. denied, 111 S.Ct. 1105 (1991)
 
 
 [3]
 Because we affirm for reasons stated by the district court, we do not reach Daue's and Garlington, Lohn & Robinson's res judicata and collateral estoppel arguments